UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL D. SIMMONS,<br><br>    Plaintiff,<br><br>  v.<br><br>M. AVILA, et al.,<br><br>    Defendants. | Case No. 22-cv-01851-JSC<br><br>**ORDER OF PARTIAL DISMISSAL WITH LEAVE TO AMEND** |

**INTRODUCTION**

Plaintiff, a California prisoner who is proceeding without representation by an attorney, filed this civil rights complaint under 42 U.S.C. § 1983 against officials at Salinas Valley State Prison ("SVSP"). Plaintiff's application to proceed *in forma pauperis* is granted in a separate order. For the reasons explained below, the complaint is dismissed with leave to amend as to Defendants M. Perez and the SVSP Warden.

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon

which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

## LEGAL CLAIMS

Plaintiff alleges that Defendant Avila, a control booth operator at SVSP, allowed another inmate to have access to Plaintiff.  The inmate proceeded to assault Plaintiff.  During the assault, Avila shot Plaintiff with a "baton round," causing pain and injury.  When liberally construed, these allegations state cognizable claims against Avila for deliberate indifference to Plaintiff's safety and the use of excessive force, in violation of Plaintiff's Eighth Amendment rights.  Plaintiff includes two additional Defendants: M. Perez and the SVSP Warden (whom he does not identify by name).  He does not state a valid claim against them, however, because he makes no allegations about them whatsoever.  Furthermore, a supervisor such as the Warden is not liable simply because she is a superior of prison officials who allegedly violated Plaintiff's rights.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (under no circumstances is there respondeat superior liability under Section 1983).  Accordingly, the complaint is dismissed as to Defendants Perez and the SVSP Warden.  Plaintiff will be given an opportunity to file an amended complaint in which he fixes these problems.

## CONCLUSION

For the reasons explained above,

1. The complaint is DISMISSED WITH LEAVE TO AMEND as to Defendants M. Perez

and the SVSP Warden.  If Plaintiff wishes to pursue claims against these two Defendants, and believes he can allege facts to state claims against them personally, Plaintiff shall file an amended complaint on or before **May 25, 2022**.  The amended complaint must include the caption and civil case number used in this order (No. C 22-1851 JSC (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page.  Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original by reference; he must include in his amended complaint all the claims he wishes to pursue, including the claims against Defendant M. Avila.  <u>If Plaintiff does not file an amended complaint within the designated time, or if the amendment is not sufficient, the claims against Defendants Perez and the SVSP Warden will be dismissed and service will be ordered upon Defendant Avila.</u>

2. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He also must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Reasonable requests for an extension of a deadline will be allowed upon a showing of good cause if the request is filed prior to the deadline.

**IT IS SO ORDERED.**

Dated: April 26, 2022

_____
JACQUELINE SCOTT CORLEY
United States District Judge