1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7

GABRIEL D. SIMMONS,

Case No. 22-cv-01851-AMO (PR)

Plaintiff,

8

**ORDER REOPENING ACTION AND SETTING BRIEFING SCHEDULE**

v.

9

M. AVILA,

10

Defendant.

11

12

    The parties' attempts to settle this matter in global settlement proceedings have not been

13

successful. Dkt. 34. Therefore, pursuant to its August 4, 2023 Order, the Court shall enter a new

14

scheduling order for further proceedings. Dkt. 25 at 2. The parties shall abide by the briefing

15

schedule outlined below.

16

**CONCLUSION**

17

    For the foregoing reasons, the Court orders as follows:

18

    1.    The Clerk of the Court shall **REOPEN** this action, which it had administratively

19

closed pursuant to the Court's August 4, 2023 Order.

20

    2.    The following briefing schedule shall govern dispositive motions in this action:

21

        a.    No later than **sixty (60) days** from the date of this Order, the defendants

22

shall file a motion for summary judgment or other dispositive motion. The motion must be

23

supported by adequate factual documentation, must conform in all respects to Federal Rule of

24

Civil Procedure 56, and must include as exhibits all records and incident reports stemming from

25

the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[1] notice

26

so that the plaintiff will have fair, timely, and adequate notice of what is required of him in order

27

28

———————————

[1] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

United States District Court
Northern District of California

United States District Court
Northern District of California

1    to oppose the motion.  *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set

2    out in *Rand* must be served concurrently with motion for summary judgment).  A motion to

3    dismiss for failure to exhaust available administrative remedies must be accompanied by a similar

4    notice.  However, the Court notes that under the new law of the circuit, in the rare event that a

5    failure to exhaust is clear on the face of the complaint, the defendants may move for dismissal

6    under Rule 12(b)(6), as opposed to the previous practice of moving under an unenumerated Rule

7    12(b) motion.  *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (overruling *Wyatt v. Terhune*,

8    315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative

9    remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), should be raised by a

10    defendant as an unenumerated Rule 12(b) motion).  Otherwise, if a failure to exhaust is not clear

11    on the face of the complaint, the defendants must produce evidence proving failure to exhaust in a

12    motion for summary judgment under Rule 56.  *Id.*  If undisputed evidence viewed in the light most

13    favorable to the plaintiff shows a failure to exhaust, the defendants are entitled to summary

14    judgment under Rule 56.  *Id.*  But if material facts are disputed, summary judgment should be

15    denied and the district judge rather than a jury should determine the facts in a preliminary

16    proceeding.  *Id.* at 1168.

17        If the defendants are of the opinion that this case cannot be resolved by summary

18    judgment, the defendants shall so inform the Court prior to the date the summary judgment motion

19    is due.  All papers filed with the Court shall be served promptly on the plaintiff.

20        b.     The plaintiff's opposition to the dispositive motion shall be filed with the

21    Court and served on the defendants no later than **twenty-eight (28) days** after the date on which

22    the defendants' motion is filed.

23        c.     The plaintiff is advised that a motion for summary judgment under Rule 56

24    of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you

25    must do in order to oppose a motion for summary judgment.  Generally, summary judgment must

26    be granted when there is no genuine issue of material fact—that is, if there is no real dispute about

27    any fact that would affect the result of your case, the party who asked for summary judgment is

28    entitled to judgment as a matter of law, which will end your case.  When a party you are suing

United States District Court
Northern District of California

1    makes a motion for summary judgment that is supported properly by declarations (or other sworn

2    testimony), you cannot rely simply on what your complaint says.  Instead, you must set out

3    specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,

4    as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and

5    documents and show that there is a genuine issue of material fact for trial.  If you do not submit

6    your own evidence in opposition, summary judgment, if appropriate, may be entered against you.

7    If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand*, 154

8    F.3d at 962-63.

9          The plaintiff also is advised that—in the rare event that the defendants argue that the

10   failure to exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust

11   available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit

12   without prejudice.  To avoid dismissal, you have the right to present any evidence to show that

13   you did exhaust your available administrative remedies before coming to federal court.  Such

14   evidence may include: (1) declarations, which are statements signed under penalty of perjury by

15   you or others who have personal knowledge of relevant matters; (2) authenticated documents—

16   documents accompanied by a declaration showing where they came from and why they are

17   authentic, or other sworn papers such as answers to interrogatories or depositions; and

18   (3) statements in your complaint insofar as they were made under penalty of perjury and show that

19   you have personal knowledge of the matters state therein.  As mentioned above, in considering a

20   motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary

21   judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide

22   disputed issues of fact with regard to this portion of the case.  *Albino*, 747 F.3d at 1168.

23         The notices above do not excuse the defendants' obligation to serve similar notices again

24   concurrently with motions to dismiss for failure to exhaust available administrative remedies and

25   motions for summary judgment.  *Woods*, 684 F.3d at 935.

26              d.    The defendants shall file a reply brief no later than **fourteen (14) days** after

27   the date the plaintiff's opposition is filed.

28              e.    The motion shall be deemed submitted as of the date the reply brief is due.

No hearing will be held on the motion unless the Court so orders at a later date.

3.      Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to the defendants to depose the plaintiff and any other necessary witnesses confined in prison.

4.      All communications by the plaintiff with the Court must be served on the defendants' counsel by mailing a true copy of the document to them.

5.      It is the plaintiff's responsibility to prosecute this case.  The plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes while an action is pending must file a notice of change of address promptly, specifying the new address.  *See* L.R. 3-11(a).  The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address.  *See* L.R. 3-11(b).

6.      Any party seeking an extension of a court deadline must seek an extension at least **seven (7) days** prior to the deadline by filing an appropriate motion or stipulation, in compliance with the Civil Local Rules.

**IT IS SO ORDERED.**

Dated: February 23, 2024

_____

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**